Dear Mr. Hebert
You have requested an Attorney General's Opinion on the following Questions:
 1. Does the Allen Parish Fire Protection District #4 have to provide fire protection for the Grand Casino Coushatta?
 2. If the fire district is not obligated by law to provide fire protection, can the fire district enter into a contractual agreement with Grand Casino Coushatta for said protection?
 3. If a contract is completed between the fire district and Grand Casino Coushatta will the existing district owned equipment be able to be used to provide this service?
The first question is answered in the negative. The Grand Casino Coushatta is owned and operated by the Coushatta Tribe of Louisiana, a federally recognized Indian tribe. The casino is located on tribal sovereign land, held in trust for the Tribe, by the United States Government. This property is not subject to the taxes which provide the fire district with its operational funds. Further, the fire district has no jurisdiction on Tribal lands in trust, except as may be granted by compact or contract with the Tribe, or by specific acts of Congress. Accordingly, the district has neither the obligation nor the authority to provide fire protection services to the Grand Casino Coushatta.
Your second question is more difficult. Louisiana Constitution of 1974, Article VII, Section 14, provides, in pertinent part:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . ."
It, therefore, appears that the fire district cannot enter a contractual agreement to provide free fire protection services, for the casino. To do so would constitute a donation of a thing of value.
However, while the State Constitution does not permit the fire district to gratuitously provide fire protection to the casino, Article 7, Section 14(C) provides as follows:
 "(C) Cooperative Endeavors. For a public purpose, the state and its political subdivision or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual." (Emphasis added).
The fire protection district is a political subdivision of the state. Therefore, if it is not otherwise prohibited by law, it is authorized by this provision of the Constitution to enter into "cooperative endeavors", "for a public purpose," with appropriate entities or persons.
Fire protection districts are provided for in Louisiana Revised Statutes, Title 40. LSA-R.S. 40:1500, provides, in pertinent part, as follows:
 "A. Fire protection districts shall constitute public corporations and as such shall have all the powers of public corporations, including . . . the right and power to . . . contract obligations. . . . Such districts shall also be authorized to do and perform all acts in their corporate capacity and in their corporate names . . . as might be necessary or proper for effective fire prevention and control or considered necessary by the governing body of the district for the protection of the property within the limits of the district against fire. . . ."
 "C. Districts may enter into such contracts as they consider necessary or desirable to carry out the purposes for which they were created. . . ."
It would appear that this statute authorizes fire protection districts to enter into contracts for fire prevention and control considered necessary by the governing body of the district, for the protection of property within the limits of thedistrict. However, this language raises the question, "is the casino within the limits of the district?" The Assistant Fire Chief of the fire protection district, has advised this office that the property in question is definitely within the territorial limits of the district. Further, although the property where the casino now stands was, prior to its acquisition by the Tribe, devoted to agricultural purposes, if there had been a fire at that location, it would have been attended by the fire protection district. It, therefore, seems clear that the property in question is physically within the territorial limits of the fire protection district.
However, as stated above, the tribal land is sovereign land, held in trust for the Tribe, by the federal government. It is not subject to the taxes imposed for the support of the district's operations. Accordingly, it might be argued that the casino property is, in a sense, not within the limits of the district.
It is the opinion of this office, that the sovereign nature of the property prohibits the district from providing free fire protection to the casino property. However, because the property was, prior to its acquisition by the Tribe, protected by the district, because the purposes of a cooperative endeavor agreement between the district and the Tribe, for the provision of fire protection services, would be consistent with the purposes for which the district was established, because absent an agreement between the district and the Tribe, effective fire protection may not be available at the site, because the property appears to clearly be within the existing territorial limits of the fire protection district, and because there is a strong public purpose in providing for the protection of the State's citizens and visitors, we do not believe that, in this instance, the sovereign nature of the property serves to remove it from the "limits of the district," to such an extent as to prohibit the fire protection district from entering into a cooperative endeavor agreement with the Tribe for the provision of fire protection at the site, if it chooses to do so.
It must next be determined whether this situation presents a sufficient "public purpose" as to permit a cooperative agreement between the district and the Tribe.
The members of the Coushatta Tribe of Louisiana are citizens of the State, as well as members of the tribe. The safety of its citizens, as well as visitors to the State, is a matter of concern to the State. This is evidenced in Section 10(A)(1) of the Tribal/State Gaming Compact between the State and the Coushatta Tribe, which authorizes the Tribal gaming facility (Grand Casino Coushatta). That Section provides in pertinent part:
 ". . . . All such facilities shall comply with the standards and procedures established by or utilized in the State of Louisiana in its building and fire codes. . . ."
This illustrates the recognition by the State of the importance of proper fire protection for the safety of the public, in the tribal gaming facility. It is assumed that the fire protection services which the fire district would offer, under an agreement with the Tribe for the casino, would not be limited simply to preservation of property, but would also include victim rescue, first aid assistance, and arson prevention and investigation. It, therefore seems clear that the providing of fire protection services at the Tribe's casino would constitute a valid "public purpose."
The remaining question is whether the Tribe is within a classification with which the fire protection district is authorized to contract. While La. Const. Art. 7, § 14(C) does not specifically include Indian tribes, we believe that the "with any public or private association, corporation,or individual" language of the Constitution is broad enough, in these particular circumstances, to permit a cooperative endeavor agreement between the fire district and the Coushatta Tribe of Louisiana, for the provision of fire protection services at the Tribe's gaming casino.
Finally, assuming the existence of an appropriate written contract between the fire district and the Coushatta Tribe, there would appear to be no bar to the use of existing district owned equipment to provide the services provided for in the contract. The contract for fire protection services would necessarily have to provide for the reasonable compensation of all services rendered, together with adequate compensation for any wear and tear on the equipment which would be occasioned in providing the contracted services. Were adequate compensation not provided and actually paid under the provisions of the contract, the contact would amount to a donation or loan of the funds, property, or things of value of the state or a political subdivision, which is clearly prohibited by Article 7, Section 14(A) of the Louisiana State Constitution of 1974.
At this point, we deem it advisable to add additional comments relative to your request. You have asked can the fire district enter into a contractual agreement with "Grand CasinoCoushatta" for fire protection?" Since the Coushatta Tribe of Louisiana owns the casino and since it is a sovereign governmental entity, it would seem that the contract should be executed with the Tribe; not with "Grand Casino Coushatta." Additionally, such a contract or agreement might need to be reviewed by the Bureau of Indian Affairs. The district should also be aware that as a domestic dependant sovereign, the Tribe is largely immune from suit. This fact should be taken into account in drafting any enforcement or liability provisions of any agreement between the district and the Tribe.
Accordingly, it is the opinion of this office that the Allen Parish Fire Protection District #4 does not "have to provide fire protection for the Grand Casino Coushatta." However, the Allen Parish Fire Protection District #4 may, if it so chooses, enter into an appropriate cooperative endeavor agreement with the Coushatta Tribe of Louisiana, for the provision of fire protection services at the Tribe's casino (Grand Casino Coushatta), provided that the agreement provides that the Tribe will pay reasonable and adequate compensation for the services rendered, The Allen Parish Fire Protection District #4 may use existing equipment in the provision of fire protection services rendered pursuant to a cooperative endeavor agreement with the Coushatta Tribe of Louisiana, provided that reasonable and adequate compensation is paid for wear and tear on existing equipment.
This opinion rests on the facts particular to the situation described in your request, is limited in applicability solely to the property in question, and should not be considered as general authority for political subdivisions of the State to enter into cooperative agreements with Indian tribes.
Yours truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ JAMES A. SMITH, II ASSISTANT ATTORNEY GENERAL
cc: Mr. John O. Sneve
Date Received:
Date Released:
JAMES SMITH ASSISTANT ATTORNEY GENERAL